PER CURIAM:
Claimant brought this action for vehicle damage which occurred when a sharp rock punctured a tire on her 2004 Lincoln LS on Haymond Street in Fairmont, Marion County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:50 p.m. on May 3,2010. Haymond Street was under construction and had a gravel surface at the location of the incident. Claimant Anna Knight Layman testified that at the time of the incident, she was driving slowly through the construction zone on Haymond Street with her mother following her in another car. Ms. Layman testified that she could hear a hissing sound coming from her tire. When she pulled over, Ms. Layman discovered that a sharp rock had punctured and remained lodged in one of her vehicle’s tires. As a result of this incident, Claimant’s vehicle sustained damage to the rear left tire requiring its replacement in the amount of $127.31. Claimant’s insurance declaration sheet indicates that her collision deductible is $500.00.
It is the Claimant’s position that Respondent knew or should have known about the sharp gravel on Haymond Street which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain Haymond Street prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice the condition on Haymond Street and that the contractor performing the construction at the location of the incident was responsible for maintenance at the time of the incident. Michael Roncone, Highway Administrator for Respondent in Marion County, testified that he is familiar with Haymond Street, which he stated is owned by the City of Fairmont and not Respondent. Mr. Roncone testified that at the *243 location of the incident, construction was under way on a the Gateway Connector connecting 1-79 with Fairmont. Mr. Roncone acknowledged that the contractor working on the Gateway Connector project, Kanawha Stone, was contracted by Respondent, but testified that their contract contained an indemnity provision wherein the contractor assumed all responsibility for work on the road during the construction process.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent cannot be expected to inspect every piece of gravel rock that is used by its contractors during road construction and that there is insufficient evidence of negligence upon which to justify an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.